VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-318



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2026

State of Vermont v. Kerri Nicholas\*

}  APPEALED FROM:
}
}  Superior Court, Windham Unit,
}  Criminal Division
}  CASE NO. 749-6-13 Wmcr
   Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Defendant, self-represented, appeals from the trial court's denial of his petition to expunge two criminal convictions. We affirm.

The record indicates the following. In December 2014, a jury found defendant guilty of domestic assault in violation of 13 V.S.A. § 1042, and cruelty to a child in violation of 13 V.S.A. § 1304. The convictions were affirmed on appeal. State v. Nicholas, 2016 VT 92, ¶ 1, 203 Vt. 1. In 2023, a jury convicted defendant of cruelty to a child resulting in serious bodily injury, in violation of 13 V.S.A. § 1304(b)(1). This conviction was also affirmed on appeal. State v. Nicholas, 2024 VT 62, ¶ 1.

In 2025, defendant filed a petition asking the court to expunge the 2014 convictions referenced above in the interests of justice. He asserted that the conduct giving rise to his conviction was accidental, he was under twenty-five years old when the offense occurred, he completed his incarcerative sentence, and he continued to experience negative consequences as a result of the convictions. Defendant wrote a date of June 30, 2025, on the motion next to his signature. The criminal division date-stamped the motion as received on July 16, 2025.

The State did not respond to defendant's expungement petition. In August 2025, the criminal division denied defendant's request. It explained that, as of July 1, 2025, expungement was available only "if the person was convicted of an offense for which the underlying conduct is no longer prohibited by law or designated as a criminal offense." 13 V.S.A. § 7602(a)(1); 2025, No. 60, § 1. The conduct underlying defendant's 2014 convictions remained prohibited by law, 13 V.S.A. §§ 1042, 1304, and thus the court held that expungement was not available under the statute. This appeal followed.

On appeal, defendant argues that he filed his petition before July 1, 2025, when the expungement law changed, and the court therefore erred in applying the revised version of the law. In support of this argument, defendant references a document that he attached to his notice of appeal. This document is entitled "Detainee Mail Log," and defendant indicates on the document when he allegedly mailed the expungement motion to the superior court. This log was not submitted to the trial court prior to its decision on defendant's motion and it is not properly before us in this appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record."). Even if it were, however, we note that the date defendant identifies on the log precedes by several weeks the date he wrote on his petition. In any event, the court here properly looked to the date stamp on defendant's expungement petition in reaching its decision. The petition was stamped as received July 16, 2025, which is consistent with the postmark on the accompanying envelope. Accordingly, the criminal division did not err in concluding that defendant filed his petition after July 1, 2025.

But even assuming, for the sake of argument, that defendant had filed his petition before July 1, 2025, the petition fails as a matter of law. Under the law in effect prior to July 1, 2025, only "qualifying crime[s]" were eligible for expungement, which did not include "listed crime[s]" as defined in 13 V.S.A. § 5301(7). 13 V.S.A. § 7602(a)(1)(A) (2024). Domestic assault was a "listed crime" under 13 V.S.A. § 5301(7)(C), and it thus did not qualify for expungement under the prior version of the expungement statute. Id. §§ 7601(4)(A)(i) (2024). While cruelty to a child was a qualifying crime, expungement was available only if a defendant had not "been convicted of a crime arising out of a new incident or occurrence since the person was convicted for the qualifying crime." Id. § 7602(b)(1)(B) (2024). Additionally, under § 7602(c)(1)(B) (2024), expungement was not allowed if, among other conditions, a defendant was "convicted of a felony arising out of a new incident or occurrence in the last seven years." Defendant's 2014 conviction for cruelty to a child did not qualify for expungement under either provision because he was convicted in 2023 of felony cruelty to a child. The court did not err in denying defendant's petition for expungement.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Christina E. Nolan, Associate Justice


_____
Michael P. Drescher, Associate Justice